UNITED STATES DISTRICT COURT
Middle District of Florida Tampa Division

**Tretarrah Tekoa Tucker,**
Individually and as Parent/Guardian of Amani Tucker, sui juris
Plaintiff,

v.

CHARTER SCHOOL ASSOCIATES, INC.,
ADVANTAGE ACADEMY OF HILLSBOROUGH, INC.,
BOARD OF DIRECTORS OF CHARTER SCHOOL ASSOCIATES,
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES (DCF),
Defendants.

AUG 27 2025 AM 11:38
FILED - USDC - FLMD - TPA

Case No.: 8:25-cv-2289-KKM-CPT

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, 18 U.S.C. § 242, AND THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

## INTRODUCTION

1. This is a civil rights action seeking damages and declaratory relief under the **Fifth Amendment** to the United States Constitution, **42 U.S.C. § 1983**, and **18 U.S.C. § 242**, arising from the Defendants' actions and policies that violated the constitutional rights of Plaintiff's minor child, including but not limited to violations of due process and protection against self-incrimination.
2. Plaintiff brings this action individually and on behalf of their minor child [Child's Initials], who was subjected to unconstitutional treatment while enrolled at Advantage Academy of Hillsborough, operated and managed by Charter School Associates, Inc.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343(a)(3)** (civil rights jurisdiction).
4. Venue is proper under **28 U.S.C. § 1391** as all events giving rise to these claims occurred in this District.

## PARTIES

5. **Plaintiff,** Tretarrah Tucker, is a resident of Gibsonton, Hillsborough county, Fl, and is the parent and legal guardian of minor child AT.
6. **Defendant Charter School Associates, Inc.** is a Florida-based organization operating public charter schools including Advantage Academy of Hillsborough, and is a "state actor" for purposes of § 1983.
7. **Defendant Advantage Academy of Hillsborough, Inc.** is a charter school operated under the oversight of Charter School Associates and its board of directors.



8. **Defendant Board of Directors of Charter School Associates** is the governing body responsible for policy, oversight, and disciplinary actions within the organization's charter schools.
9. **Defendant Florida Department of Children and Families (DCF)** is a government agency involved in child welfare, and was complicit or actively involved in the unconstitutional treatment of Plaintiff's minor child as described below.

## FACTUAL ALLEGATIONS

10. On or around August 20, 2025, Plaintiff's minor child was subjected to Spoke and questioned with AT, intimidated her, had AT undress, caused duress, and caused her to miss lunch and did not let her eat without prior notification or consent of the parent and without the presence of legal counsel or guardian. DCF is currently doing an investigation, but FOIA and CEASE AND DESIST was emailed to them for release of all that was collected concerning Plaintiffs daughter.
11. The child was compelled to speak to administrators and/or DCF investigators in a custodial setting without Miranda warnings or other protections afforded under the **Fifth Amendment**, in violation of their right against self-incrimination.
12. Said actions were done **under color of law**, in violation of **42 U.S.C. § 1983** and **18 U.S.C. § 242**, which criminalizes the deprivation of constitutional rights under color of law.
13. Defendant(s) failed to follow lawful procedures for student discipline and/or referrals to child protective services, constituting a deprivation of the child's **procedural due process rights**.
14. As a direct result of Defendants' actions, Plaintiff's child suffered emotional distress, educational disruption, and reputational harm.

## CLAIMS FOR RELIEF

### COUNT I – Violation of Fifth Amendment Right Against Self-Incrimination
(Against All Defendants)

15. Plaintiff realleges paragraphs 1 through 14.
16. By coercing statements from Plaintiff's child without legal representation, Miranda warnings, or parental presence, Defendants violated the child's rights under the Fifth Amendment.

### COUNT II – 42 U.S.C. § 1983 – Deprivation of Civil Rights Under Color of Law
(Against All Defendants)

17. Plaintiff realleges paragraphs 1 through 14.
18. The conduct of Defendants, acting under color of state law, deprived Plaintiff's child of rights secured by the Constitution and laws of the United States, including the Fifth and Fourteenth Amendments.

### COUNT III – 18 U.S.C. § 242 – Criminal Deprivation of Civil Rights
(Against All Defendants – for declaratory relief only)

19. Plaintiff realleges paragraphs 1 through 14.
20. Although 18 U.S.C. § 242 is a **criminal statute** and does not provide a private right of action, Plaintiff requests that the Court take **judicial notice** of such violations as relevant in evaluating the scope and gravity of Defendants' misconduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;
B. Award compensatory and punitive damages in an amount to be determined at trial;
C. Declare that Defendants' conduct violated the constitutional rights of Plaintiff's child;
D. Award attorney's fees and costs pursuant to **42 U.S.C. § 1988;**
E. Grant such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully Submitted,

*[signature]*

Tretarrah-Tekoa: Tucker sui juris